UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUDAH JOHNSON,

                Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　9:09-CV-0066
　　　　　　　　　　　　　　　　　　　　　　(GTS/DRH)

SCOTT C. CARLSEN, Superintendent,

                Respondent.
_____

APPEARANCES:　　　　　　　　　　　　　OF COUNSEL:

JUDAH JOHNSON, 97-R-5272
  Petitioner, *Pro Se*
Camp Georgetown
Box 48
Georgetown, New York 13072

HON. ANDREW M. CUOMO　　　　　　　PRISCILLA I. STEWARD, ESQ.
Attorney General for the State of New York　　Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Judah Johnson ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 21, 2009. (Dkt. No. 1.) By Report-Recommendation dated March 29, 2010, United States Magistrate Judge David R. Homer recommended that the petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 8.) Petitioner has filed no Objections to the Report-Recommendation, and the time in which to do so has expired. For the reasons set forth below, Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is denied and dismissed in its entirety.

**I.     APPLICABLE LEGAL STANDARDS**

   **A.     Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part,

---

   [1]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

   [2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

###    B.    Standard Governing Review of Petitioner's Habeas Petition

Magistrate Judge Homer correctly recited the legal standard governing review of Petitioner's *habeas* petition. (Dkt. No. 8, at 4-7.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

## II.    ANALYSIS

For the sake of brevity, the Court will not repeat the factual background of Petitioner's multiple convictions,[3] but will simply refer the parties to the relevant portions of Magistrate Judge Homer's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 8, at 1- 4.)

In his petition, Petitioner asserts the following claims: (1) the DOCS failed to grant him state jail time credit for the period of time during which he was in federal prison; (2) his final parole revocation hearing was untimely; and (3) the parole board improperly delayed his parole revocation hearing. (Dkt. No. 1, at 2-7.)

In his Report-Recommendation, Magistrate Judge Homer recommends dismissal of Petitioner's petition for each of the following reasons: (1) Petitioner's petition is untimely; (2) Petitioner failed to exhaust his available administrative remedies before filing this action; and (3) Petitioner has failed to establish a constitutional violation.

---

[3] Since July 1997, Petitioner has been convicted of the following crimes: (1) Criminal sale of controlled substance (in July 1997); (2) being a felony in possession of a weapon and unlawful use of social security number (in July 2002); (3) violating the conditions of his parole by resisting arrest on May 21, 1999 (in December 2003); and (4) possession of contraband in prison (in March 2008).

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Homer. Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 8, at 4-17.)[4] As a result, the Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is denied and dismissed in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: May 5, 2010
    Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

---

[4] The Court notes that Magistrate Judge Homer's thorough and correct Report-Recommendation would survive even a *de novo* review.